UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL VALERA,<br><br>            Petitioner,<br><br>    v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>            Respondent. | Case No. 1:22-cv-00852-ADA-CDB (HC)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION<br><br>(ECF No. 1) |

Petitioner Joel Valera ("Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). The petition seeks review of a judgment of conviction in the Superior Court of California for the County of Fresno.

**Preliminary Screening**

Rule 4 of the Rules Governing § 2254 requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. *Pro se* habeas corpus petitions are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief." Habeas Rule 4; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that

point to a real possibility of constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks*, 908 F.2d at 491. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**Procedural and Factual Background**

Petitioner filed this instant petition on July 11, 2022. (ECF No. 1 at 2).[1] Petitioner was convicted in the Superior Court of the State of California for the County of Fresno and sentenced to 50 years to life with the option for parole. *Id*. Petitioner does not identify his state case number or the date of his conviction and sentence. Petitioner states he was convicted of (1) two counts of person convicted of felony owning, purchasing, receiving or possessing a firearm; (2) discharge of a firearm at an inhabited dwelling house, occupied building, vehicle, aircraft, inhabited housecar or inhabited camper; (3) falsely representing self as another person to a peace officer; and (4) murder. *Id*.; *See* Cal. Pen. Code §§ 28900, 246, 148.9; 187.

At some point, Petitioner claims he appealed to the Fifth District Court of Appeal of the State of California. (ECF No. 1 at 3). Petitioner's appeal was denied. *Id*. Petitioner does not identify the result date and/or the citation of the Court of Appeal's decision. *Id*.

**Petitioner's Claims**

Petitioner first argues he is entitled to relief in a habeas corpus proceeding because of ineffective assistance of counsel. (ECF No. 1 at 5). Specifically, Petitioner claims his attorney did not follow his instructions, "was not asking witness questions that I would ask her to ask" and "would not provide evidence that I would request." *Id*. Plaintiff asserts he attempted to relieve his attorney on multiple occasions but was denied. *Id*.

Next, Petitioner contends he is entitled to relief in habeas corpus proceedings because the Judge was "prejudice and biased". *Id*. at 5. Petitioner claims the Judge unjustly denied his attempts to

---

[1] It appears the first page of Petitioner's Petition for Writ of Habeas Corpus is missing. The document begins on page two.

file Marsden motions and "multiple *pro-se* [*sic*] motions". *Id.* Petitioner argues "such motions are granted at a higher level to people of different races at this court of conviction". *Id.*

Petitioner also asserts he is entitled to relief in habeas corpus proceedings because tampering of evidence occurred. *Id.* at 6. Petitioner alleges during his interrogation, the Fresno sheriff detective station interfered with the audio recording. *Id.* Further, Petitioner claims Fresno detectives "did not properly search victims' home" and fabricated evidence. *Id.* Lastly, Petitioner argues he is entitled to relief in habeas corpus proceedings because he was denied the right to testify. *Id.*

**Discussion**

Petitioner has failed to provide an adequate petition for writ of habeas corpus. First, Petitioner does not name an appropriate respondent to the petition. A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Habeas Rule 2(a); *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004) (citing *Stanley v. California Supreme Court*, 21 F.3d 359. 360 (9th Cir. 1996)). Generally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce "the body of the petitioner." *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quotations omitted). The chief officer in charge of the state penal institutions can also serve as an appropriate respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). Here, Petitioner only names "The People of the State of California" as a respondent to his petition. (ECF No. 1 at 2). Petitioner's failure to name a proper respondent requires dismissal of his habeas corpus petition for lack of jurisdiction.

Petitioner's habeas corpus petition also fails to show he exhausted state judicial remedies. A petitioner who is in state custody and wishes to collaterally challenge his convictions by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court and demonstrating that no state remedy remains available.

*Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor,* 404 U.S. 270, 275 (1971)).  When none of a petitioner's claims has been presented to the highest state court as required, the Court must dismiss the petition.  *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).

In this case, Petitioner only alleges he had appealed his case to the "Court of Appeal of the State of California (Fifth District)."  (ECF No. 1 at 3).  Petitioner fails to indicate whether this "appeal" stems from his underlying conviction or occurred as a separate collateral challenge to his conviction.  Moreover, Petitioner has failed to allege he has provided the highest state court, the Supreme Court of California, with a full and fair opportunity to consider his petition.  Therefore, Petitioner's petition must be dismissed as the Court cannot consider a petition that is entirely unexhausted.  *Rose*, 455 U.S. at 521-22.

Next, Petitioner's habeas corpus petition fails to show it is timely.  Under the Antiterrorism and Effective Death Penalty Act, a one-year limitation period applies to all habeas corpus petitions, however denominated, filed by convicted state prisoners.  28 U.S.C. § 2244(d); *Mack v. Garrett*, No. 21-1541, 2022 U.S. App. LEXIS 29699, at *6-7 (9th Cir. October 25, 2022) (unpublished); *Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012).  Petitioner has not identified when his conviction became final or when he initiated, if at all, a collateral challenge to his underlying conviction.  Therefore, the Court must dismiss Petitioner's habeas corpus petition for failing to identify any relevant dates.

For the reasons discussed, Petitioner's habeas corpus petition is procedurally deficient and should be dismissed.  Petitioner will be granted an opportunity to file a First Amended Petition curing the aforementioned deficiencies.  Moreover, pursuant to Habeas Rule 2(c), Petitioner is encouraged to expand upon his federal and constitutional claims specifying all grounds of relief available to the Petitioner, stating all the relevant facts supporting each ground; and 3) providing the relief requested.

Accordingly, it is hereby **ORDERED**:

The Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE** for failure to name a proper respondent, failure to show exhaustion of state remedies, and failure to show the petition is within the applicable statute of limitations;

Petitioner is **GRANTED** thirty days from the date of service of this order to file a First Amended Petition as directed by this Order; and

Petitioner is forewarned that failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **November 2, 2022**   _____
UNITED STATES MAGISTRATE JUDGE