UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL VALERA,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　　Respondent. | Case No. 1:22-cv-00852-ADA-CDB (HC)<br><br>ORDER FOR PETITIONER TO SHOW CAUSE WHY THE FIRST AMENDED PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO NAME A PROPER RESPONDENT AND FAILURE TO EXHAUST STATE REMEDIES<br><br>**30-DAY DEADLINE**<br><br>(ECF No. 10) |

　　　　Petitioner Joel Valera ("Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). The petition seeks review of a judgment of conviction in the Superior Court of California for the County of Fresno. On November 2, 2022, the Court issued an order dismissing the petition with leave to file a first amended petition. (ECF No. 9). The Court found Plaintiff failed to name a proper respondent, failed to show exhaustion of state remedies, and failed to show the petition is within the applicable statute of limitations. *Id*. The Court provided Petitioner thirty days from the date of service of the order to file a first amended petition. *Id*. at 5.

　　　　On November 23, 2022, Petitioner filed a first amended petition for writ of habeas corpus. (ECF No. 10). Pursuant to Rule 4 of the Rules Governing § 2254, the Court conducted a preliminary review of the first amended petition, keeping in mind that *pro se* habeas corpus petitions are to be

1

liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief." Habeas Rule 4; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Habeas Rule 4).

Petitioner's first amended petition shows his request for habeas relief was timely.

Petitioner identifies October 18, 2018, as the date his conviction became final, and July 24, 2021, as the date the "Court of Appeal of the State of California Fifth District" denied his appeal. (ECF No. 10 at 1-2). The Court takes judicial notice that Petitioner's sentence was issued on September 28, 2018. *The State of California v. Joel Valera*, Case No. F14902319 (Sup. Ct. Cal. Fresno). Petitioner filed an appeal to the Court of Appeals of the State of California, Fifth Appellate District on October 1, 2018, and the Court of Appeals denied his appeal on May 7, 2021. *The People v. Valera*, Case No. F078195 (Cal. Ct. App. 5th Dist.). Petitioner filed an appeal to the Supreme Court of California on June 14, 2021, and the Supreme Court of California denied his appeal on July 21, 2021. *People v. Valera*, Case No. S269334, (Cal. 2021).

On July 11, 2022, Petitioner filed his request for relief habeas relief to this Court. (ECF No. 1). Accordingly, Petitioner filed his petition for habeas relief pursuant to 28 U.S.C. § 2254 within the applicable one-year statute of limitations period. *See Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012) (citing 28 U.S.C. § 2244(d)(1)) (the Antiterrorism and Effective Death Penalty Act of 1996 sets a one-year statute of limitations period on state prisoners' habeas corpus petitions).

Petitioner's first amended petition still fails to name a proper respondent and fails to show exhaustion of state remedies. (ECF No. 10). The Court is unable to proceed on the merits of the petition. Accordingly, it is HEREBY ORDERED:

> Within 30 days of the date of service of this order, Petitioner SHALL show cause in writing why the petition should not be dismissed for Petitioner's failure to name a proper respondent and failure to exhaust state remedies. Petitioner is forewarned that failure to comply with this

/ / /

/ / /

Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **December 19, 2022**                    _____
                                                    UNITED STATES MAGISTRATE JUDGE