UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JOEL VALERA, | Case No. 1:22-cv-00852-ADA-CDB |
|---|---|
| Petitioner, | FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | TWENTY-ONE DAY DEADLINE. |

Petitioner Joel Valera ("Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition seeks review of a judgment of conviction in the Superior Court of California for the County of Fresno. *Id*.

**Background**

On July 11, 2022, Petitioner filed a petition for writ of habeas corpus. *Id*. On November 2, 2022, the Court conducted a preliminary screening of the petition and determined that the petition failed to name the proper respondent, failed to demonstrate exhaustion of state remedies, and failed to show it is timely. (Doc. 9). The Court granted Petitioner thirty days to file a First Amended Petition curing the aforementioned deficiencies. *Id*. at 5.

On November 23, 2022, Petitioner filed a first amended petition for writ of habeas corpus. (Doc. 10). On December 19, 2022, the Court conducted a screening of the amended petition. (Doc. 11). The Court found Petitioner had filed a timely request for habeas relief, but still failed to name a

1

proper respondent and failed to show exhaustion of state remedies. *Id*. The Court granted Petitioner thirty days to show cause in writing why the action should not be dismissed for Petitioner's failure to name a proper respondent and failure to exhaust state remedies. *Id*. at 4. Additionally, Petitioner was "forewarned that failure to comply with this Order may result in an Order of Dismissal or Recommendation that the petition be dismissed pursuant to Local Rule 110." *Id*. at 2-3.

On February 3, 2023, the Court received notice Petitioner's address changed to CSP-SAC P.O. Box 290066, Represa, CA 95671-0066 pursuant to a new case Petitioner filed on January 31, 2023. *See Valera v. Vasquez*, No. 2:23-cv-00191-EFB. (Doc. 12 at 1). Petitioner did not file a notice of change of address with this Court as required by Local Rule 182. L.R. 182(f); *see Penton v. Hubard*, No. 2:11-cv-0518 TLN KJN P, 2022 WL 411852, at *25 (E.D. Cal. Feb. 10, 2022) (it is a prisoner's responsibility to file a notice of change of address when his address changes) (citation omitted). (Doc. 12). On February 9, 2023, the Court found good cause to extend the time for Petitioner to respond to the order to show cause, re-transmitted the order to Petitioner at his new address, and provided him an additional 30 days to respond. *Id*. at 2. Petitioner was again warned, "failure to comply with this order will result in a recommendation that this action be dismissed." *Id*.

The deadline for Petitioner to respond to the Court's orders has expired, and Petitioner has not filed any response or otherwise indicated an intention to prosecute this case. Accordingly, for the reasons described herein, the Court will recommend that Petitioner's petition be dismissed for failure to comply with a court order and failure to prosecute.

**Applicable Law**

Federal Rule of Civil Procedure 41(b) permits the court to dismiss an action when a litigant fails to prosecute or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (citations omitted). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of the court. Before dismissing an action under Fed. R. Civ. P. 41, courts must weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases

2

on their merits; and (5) the availability of less drastic sanctions." *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted). These factors are "not a series of conditions precedent before the judge can do anything," but for a judge to think about what to do. *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

**Analysis**

The Court considers the above-stated factors and concludes the largely favor dismissal in this case. The public's interest in expeditious resolution of litigation weighs in favor of dismissal of this action. The public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; *see Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Here, despite being provided over two months to respond to the Court's order to show cause, Petitioner failed to make the necessary filing. (Docs. 11, 12). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan v. Galaza*, 291 F.3d 639, 639 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). Here, Petitioner has failed to comply with two of the Court's order requiring him to show cause. (Docs. 11, 12). The Court is experiencing an ongoing judicial emergency and heavy caseload. Petitioner's failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

The third factor is inapplicable to this matter as Respondent has not been served and ordered to file a response. Habeas Rule 4.

As to the fourth factor, a preference to rule on the merits usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan*, 291 F.3d at 643; *see Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (the public policy favoring disposition of cases on their merits counsels strongly against dismissal). Here, upon review, the petition is deficient. As

noted in the Court's previous Order, the petition failed to name the proper respondent and failed to demonstrate exhaustion of state remedies. (Doc. 11). Thus, Petitioner has not presented a matter on the merits for the Court to consider.

Lastly, the unavailability of lesser sanctions weighs in favor of dismissal. "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone*, 833 F.2d at 131-32 (quoting *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986)). At this stage in the proceedings, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditures of its scarce resources. Moreover, the Court's previous orders expressly warned Petitioner that if he failed to respond, the Court would recommend the district court dismiss the petition. (Docs. 11, 12). Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's orders.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

**Conclusion and Recommendations**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be dismissed without prejudice for failure to prosecute and failure to comply with a court order;
2. The Court DECLINE to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge

*Remainder of This Page Intentionally Left Blank*

4

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, Petitioner may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __March 15, 2023__

UNITED STATES MAGISTRATE JUDGE